# Exhibit A

# TAB 1

3/6/2017 4:47:25 PM
Chris Daniel - District Clerk Harris County
Envelope No. 15695871
By: JONATHAN PATTON
Filed: 3/6/2017 4:47:25 PM

RECEIPT NUMBER _____

TRACKING NUMBER ___73345539 ATY___

CAUSE NUMBER   201713436

| | |
|---|---|
| PLAINTIFF: VACATIONS PUBLICATIONS INC | In The 129th |
| vs. | **Judicial District Court of** |
| DEFENDANT: AXIS INSURANCE COMPANY | **Harris County, Texas** |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

TO: AXIS INSURANCE COMPANY (AN ILLINOIS CORPORATION) BY SERVING THROUGH
ITS REGISTERED AGENT IN TEXAS CORPORATION SERVICE COMPANY

211 EAST 7TH STREET SUITE 620   AUSTIN   TX   78701 - 3218

Attached is a copy of   PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the ___27th___ day of ___February_____, 20 __17__, in the
above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

   **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___27th___ day of
___February_____, 20 __17__.

Issued at request of:
GIBSON, GEORGE R.
2800  POST OAK BLVD 61FL
HOUSTON, TX  77056
TEL: (713) 960-0303
Bar Number: 793802

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O.Box 4651, Houston, Texas 77210**

**Generated by:** CUERO, NELSON  7MM//10620357

---

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____ , 20_____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____ , _____
                                                          (STREET ADDRESS)                              (CITY)

in _____ County, Texas on the _____ day of _____ , 20_____, at _____ o'clock ___.M.,

by delivering to _____ , by delivering to its
                          (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____ , in person, whose name is _____ ,
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                    (DESCRIPTION OF PETITION, E.G., "PLAINTIFF'S ORIGINAL")

and with accompanying copies of _____ .
                                          (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____ , 20____.

FEE: $_____                              By: _____
                                                          (SIGNATURE OF OFFICER)

                                            Printed Name: _____

_____        As Deputy for: _____
Affiant Other Than Officer                                    (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____ , known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____ , 20_____.

                                            _____
                                                     Notary Public

N.INT.CITC.P                        *73345539*

# TAB 2

2/27/2017 2:07:20 PM
Chris Daniel - District Clerk Harris County
Envelope No. 15548274
By: Nelson Cuero
Filed: 2/27/2017 2:07:20 PM

# 2017-13436 / Court: 129

CAUSE NO. _____

| | | |
|---|---|---|
| VACATIONS PUBLICATIONS, INC., | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AXIS INSURANCE COMPANY, | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Vacations Publications, Inc. ("Vacations") files this original petition against Axis Insurance Company ("Axis").

### Discovery control plan

1.  Plaintiff elects discovery control plan level 2 under Tex. R. Civ. P. 190.3.

### Rule 47 statement

2.  Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks monetary relief against Axis in excess of $1,000,000.00 in addition to other relief. Plaintiff reserves and does not waive additional claims it might bring.

### Parties

3.  Vacations Publications, Inc. is a Delaware corporation that conducts business in Texas.

4.  Axis Insurance Company is an Illinois corporation licensed to conduct insurance business in Texas that may be served through its registered agent in Texas, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### Jurisdiction and venue

5.  This Court has personal jurisdiction over Axis because it conducts business in Texas and has continuous and systematic contacts with Texas. This Court has subject matter

jurisdiction over this claim because the amount in controversy exceeds the jurisdictional minimum of this Court.

6.     Venue for this lawsuit is proper in Harris County, Texas, under Tex. Civ. Prac. & Rem. Code §§15.002(a)(1) and 15.032.

**Facts**

7.     Vacations is an insured under the Axis Pravatus Plus + insurance policy number MAN767203/01/2013 effective for the policy period of May 6, 2013 to May 6, 2014; and the Axis Pravatus Plus + insurance policy number MAN767203/01/2014 effective for the policy period of May 6, 2014 to May 6, 2015 (together, the "Policies").

8.     Karen D'Onofrio was an employee of Vacations who began approved leave under the Family Medical Leave Act (FMLA).  Prior to beginning leave and while on leave, D'Onofrio breached her contractual and common law duties and obligations to Vacations.  D'Onofrio failed and refused to monitor accounts that she agreed to monitor while she FMLA leave. She agreed to do so in order to have the ability to collect commissions on booked but incomplete customer travel bookings.  D'Onofrio did not respond to customer inquiries and telephone messages about travel bookings and Vacations accordingly began to take over the maintenance of her bookings.  In the course of that transition, several Vacations customer agents contacted her customers to provide new customer service contact information; however, a single employee of Vacations sent an erroneous email to some of D'Onofrio's customers stating that she had left the company, instead of being on FMLA leave.  Contemporaneously, Vacations notified D'Onofrio in writing that her accounts had been reassigned and she remained on FMLA leave.  Even though the erroneous emails contradicted Vacation's express and contemporaneous notice to D'Onofrio that her FMLA would continue, D'Onofrio, without checking with Vacations, pretended that she had been

-2-

terminated, and continued her previously concocted scheme to defraud Vacations by working for a competitor.

9.     D'Onofrio filed a claim for unemployment benefits with the Texas Workforce Commission (the "TWC"), which was denied; the TWC correctly determined that she had voluntarily resigned. D'Onofrio then filed a lawsuit in Texas state court against the TWC and Vacations claiming that the TWC's denial of her unemployment benefits was incorrect, and that Vacations had violated the FMLA. That lawsuit was removed to federal court under Civil Action No. 4:15-cv-00753; *Karen G. D'Onofrio v. Vacation Publications, Inc.*; In the United States District Court for the Southern District of Texas, Houston Division. The TWC claim was severed and returned to state court and Vacations filed a counterclaim against D'Onofrio alleging, among other claims, breach of contract, fraud, and conspiracy to defraud.

10.     D'Onofrio filed charge of discrimination with the EEOC on March 24, 2014, claiming that she had been sexually harassed by certain employees of Vacations. Before the EEOC reached a determination, D'Onofrio requested and received a right to sue letter from the EEOC, and filed another lawsuit against Vacations, pro se, in federal district court, on September 22, 2015, claiming sexual harassment under Title VII of the Civil Rights Act. That suit was ordered transferred and consolidated into the existing lawsuit in the federal district court in the Southern District of Texas.

11.     The federal district court granted summary judgment in favor of Vacations dismissing all of D'Onofrio's claims under FMLA and Title VII, and otherwise, and granting all of Vacations counterclaims, after finding that D'Onofrio breached the covenants in her employment agreement with Vacations, improperly competed with Vacations, improperly solicited Vacation's customers, and fraudulently converted Vacation's proprietary information.

That decision is pending on appeal in the Court of Appeals for the Fifth Circuit.

      12.    Vacations made a timely and proper claim for coverage under the Policies.  Axis denied such claim.

      13.    Axis stated the bases for the denial of coverage as follows:

      a.    The harassment and the FMLA claims are one claim as defined by the Policies;

      b.    Vacations received notice of the harassment claim on February 12, 2014, during the Policy No. MAN767203/1/2013 policy period, but reported the harassment claim on March 4, 2015, after the expiration of the policies' period and the 90-day reporting period;

      c.    The harassment claim was reported to Vacations on February 12, 2014, prior to the period of the Policies;

      d.    Vacations apologized to claimant contrary to the Policies' provisions; and

      e.    Vacations engaged in settlement discussions with claimant contrary to the Policies' provisions.

Each is wrong and asserted in bad faith.

      14.    Axis wrongfully mis-categorizes the harassment and FMLA claims as "shar[ing] a common nexus."  Axis claims without explanation or justification that a common nexus of "facts, circumstances, situations, events, transactions, or causes" between the harassment and FMLA claims, because there is none.  The elements of a harassment claim are that the defendant is alleged to have committed acts that are severe, offensive, and unwelcome based on the victim's protected characteristic.  A claim under FMLA is based on a denial of benefits under the act where the employee is entitled such benefits, or discrimination against a claimant of such benefits.  There is no nexus between those claims in theory or as applied in this case.

      15.    D'Onofrio's FMLA lawsuit against Vacations was filed on February 3, 2015, in Texas state district court.  Her sexual harassment lawsuit against Vacations was filed by the

plaintiff *pro se* in a federal district court after Vacations filed its motion for summary judgment in the FMLA lawsuit. The only activity by VTG in the harassment lawsuit has been to answer, deny the claims, and to successfully move that the harassment lawsuit be joined with the FMLA lawsuit for judicial efficiency, which resulted in the dismissal of the sexual harassment claims, along with the FMLA claims.

16. Axis correctly conceded in its May 14, 2015, letter that the claims were covered. Vacations relied on that determination. Axis has no basis, and has expressed no basis, to change its position and to declare that the sexual harassment claim shares a common nexus with the FMLA claim. The sexual harassment claim and the FMLA claim are legally and factually unrelated and independent of one another and should not be analyzed as one claim.

17. The Interrelated Wrongful Acts provision of the Policy is an exclusion for which the insurer bears the burden of proof. Axis cannot establish that the harassment claims and the FMLA claims involve the same wrongful conduct, as is required to establish such exclusion.

18. Axis wrongfully claims that an email sent by the husband of the claimant constitutes a claim that triggered a prior policy. This erroneous argument fails on many levels. First, the email was not sent by the claimant and there is no provision of the policy addressing a notice by someone other than the claimant. Second, the email does not actually make any claim or demand other than a request that a Vacations officer call the claimant's husband to discuss the claimant's allegations. Third, and importantly, the email expressly disclaims that it is making a demand, only requesting a call to discuss. The claimant's husband states that he "does not want to make a big stink of this." Furthermore, Vacations' response to the e-mail was that "we cannot discuss Gwen's issues with Michael" because Gwen had not signed a letter permitting discussions with Michael. Axis conjures this argument to assert that the claim was too late for the 2013 policy and

too early for the 2014 policy. Vacations timely notified Axis of the harassment claim when the EEOC charge was filed, in accordance with the Policy.

19.     Axis also falsely claims that Vacations "apologizes to both Mrs. D'Onofrio and her husband for the harassment she endured in the workplace." The email referenced by Axis dated March 23, 2015 does not contain an apology for any admitted wrongdoing or culpable conduct. To the extent that Axis bases its denial on the contention that Vacations admitted to any misconduct, it would be erroneous.

20.     Axis also claims that Vacations made offers to settle the case, but it is not clear whether Axis relies on that assertion for the denial of the Claims. The offer of settlement was rejected by the claimant and did not prejudice the insurer in any way. The denial letter does not include any explanation or assertion that the insurer was prejudiced. Furthermore, Vacations has counterclaims against the claimant and her husband that it is entitled to pursue and settle as it sees fit. Axis has declined coverage for any counterclaims, although Vacations has not sought coverage for its counterclaims against claimant and her husband based on her breaches of contract, his tortious interference with contractual rights, and other claims. Vacations' counterclaims benefit Axis in this case because it causes additional pressure on claimant to resolve or drop her claims.

### First cause of action
### Breach of contract

21.     Axis has breached the Policies by failing and refusing to provide defense and indemnity to the claims against Vacations which were made timely and covered by the Policies. Vacations seeks its damages caused by such breaches, including but not limited to all direct, actual, incidental, consequential, economic, special, nominal, and general damages, plus costs of court, attorney fees, and pre- and post-judgment interest.

### Second cause of action
### Bad faith

22.     There are insurance contracts between Vacations and Axis which create a duty of good faith and fair dealing.  Axis breached its duty when it denied or delayed defense and indemnity when liability was reasonably clear.  Such breach proximately caused damages to Vacations.  Vacations seeks its damages caused by such breaches, including but not limited to all direct, actual, incidental, consequential, economic, special, nominal, and general damages, plus costs of court, attorney fees, and pre- and post-judgment interest.  Vacations also seeks exemplary damages based on the fraudulent, malicious, intentional, or grossly negligent conduct of Axis.

### Third cause of action
### Violations of Texas Insurance Code, Chapter 541

23.     Axis has violated the Texas Insurance Code (the "Code") in its handling of this claim and by denying coverage.  Vacations and Axis are persons under the Code.  Axis is engaged in acts or practices that violated the Code, the Texas Business & Commerce Code, or a tie-in provision of the Code.  Vacations relied on Axis' acts and practices to its detriment and such acts or practices caused actual damages.  Vacations seeks its damages caused by such breaches, including but not limited to all direct, actual, incidental, consequential, economic, special, nominal, and general damages, plus costs of court, attorney fees, and pre- and post-judgment interest. Vacations also seeks additional damages under the statutes.

### Conclusion

24.     Vacations Publications, Inc. requests that the Court grant judgment in its favor against Axis Insurance Company for its damages, attorney's fees, costs of court, pre- and post-judgment interest, exemplary damages, and that the Court grant all other relief to which it is entitled.

Respectfully submitted,

**NATHAN SOMMERS JACOBS**
A Professional Corporation

By:  */s/ George R. Gibson*
        George R. Gibson
        Texas Bar No. 00793802
        A. Elizabeth Larson
        Texas Bar No. 24076950
        2800 Post Oak Boulevard, 61st Floor
        Houston, Texas 77056-6102
        713.960.0303 - phone
        713.892.4800 - fax
        ggibson@nathansommers.com
        llarson@nathansommers.com

**MICHAEL JAY KUPER**
A Professional Corporation

        Michael Jay Kuper
        Texas Bar No. 11765000
        2901 Via Fortuna Drive, Suite 500
        Austin, Texas 78746
        512-874-3895 phone
        713-892-4800 fax
        mkuper@kuperlawfirm.com

ATTORNEYS FOR VACATIONS
PUBLICATIONS, INC.

# TAB 3

2/27/2017 2:07:20 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 15548274
By: CUERO, NELSON
Filed: 2/27/2017 2:07:20 PM

CIVIL CASE INFORMATION SHEET (Rev. 2/13)

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2017-13436 / Court: 129**   COURT *(FOR CLERK USE ON...*

STYLED  Vacations Publications, Inc. vs. Axis Insurance Company

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>George R. Gibson | Email:<br><br>ggibson@nathansommers.com | Plaintiff(s)/Petitioner(s):<br><br>Vacations Publications, Inc. | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other:<br><br>Additional Parties in Child Support Case: |
| Address:<br><br>2800 Post Oak Blvd., 61st Floor | Telephone:<br><br>713.892.4843 | | Custodial Parent: |
| City/State/Zip:<br><br>Houston, Texas 77056 | Fax:<br><br>713.892.4800 | Defendant(s)/Respondent(s):<br><br>Axis Insurance Company | Non-Custodial Parent: |
| Signature: | State Bar No:<br><br>00793802 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☒Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>　☐Accounting<br>　☐Legal<br>　☐Medical<br>　☐Other Professional<br>　Liability: | ☐Eminent Domain/<br>　Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>　☐With Children<br>　☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D** |
| *Foreclosure*<br>☐Home Equity - Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>　☐Asbestos/Silica<br>　☐Other Product Liability<br>　List Product: | **Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus-<br>　Pre-indictment | ☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order | |
| | | | **Other Family Law**<br>☐Enforce Foreign<br>　Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>　of Minority<br>☐Other: | **Parent-Child Relationship**<br>☐Adoption/Adoption with<br>　Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>　Rights<br>☐Other Parent-Child: |
| | ☐Other Injury or Damage: | ☐Other: | | |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>　Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>　☐Dependent Administration<br>　☐Independent Administration<br>　☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000

# Instructions for Completing the Texas Civil Case Information Sheet

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. If the original petition, application or post-judgment petition or motion is e-filed, the case information sheet must not be the lead document.

This sheet, required by Rule 78a of the Texas Rules of Civil Procedure, is intended to collect information that will be used for statistical and administrative purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

The attorney or self-represented (*pro se*) plaintiff/petitioner filing the case or post-judgment petition or motion should complete the sheet as follows:

## 1. Contact information

    **a) Contact information for person completing case information sheet.** Enter the following information:
- name;
- address;
- city, state, and zip code;
- email address;
- telephone number;
- fax number, if available;
- State Bar number, if the person is an attorney; and
- signature. (*NOTE: When a case information sheet is submitted electronically, the signature may be a scanned image or "/s/" and the name of the person completing the case information sheet typed in the space where the signature would otherwise appear.*)

    **b) Names of parties in the case.** Enter the name(s) of the:
      (*NOTE: If the name of a party to a case is confidential, enter the party's initials rather than the party's name.*)
- plaintiff(s) or petitioner(s);
- defendant(s) or respondent(s); and
- in child support cases, additional parties in the case, including the:
  - custodial parent;
  - non-custodial parent; and
  - presumed father.

      Attach an additional page as necessary to list all parties.

    **c) Person or entity completing sheet is.** Indicate whether the person completing the sheet, or the entity for which the sheet is being completed, is:
- an attorney for the plaintiff or petitioner;
- a *pro se* (self-represented) plaintiff or petitioner;
- the Title IV-D agency; or
- other (provide name of person or entity).

## 2. Case type.
    Select the case category that best reflects the most important issue in the case. *You must select only one.*

## 3. Procedure or remedy.
    If applicable, select any of the available procedures or remedies being sought in the case. You may select more than one.

## 4. Damages sought.
    Select the damages being sought in the case:
    (*NOTE. If the claim is governed by the Family Code, do **not** indicate the damages sought.*)
- only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees;
- monetary relief over $100,000 or less and non-monetary relief;
- monetary relief over $100,000 but nor more than $200,000;
- monetary relief over $200,000 but less than $1,000,000; or
- monetary relief over $1,000,000.

# TAB 4

2/27/2017 2:07:20 PM
**Chris Daniel - District Clerk**
**Harris County**
Envelope No: 15548274
By: CUERO, NELSON
Filed: 2/27/2017 2:07:20 PM

2017-13436 / Court: 129

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____     CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types):   Plaintiff's Original Petition

FILE DATE OF MOTION:   02/27/2017
                                          Month/        Day/        Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME:  Axis Insurance Company

    ADDRESS: _____

    AGENT, (if applicable):   Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218

    TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):   Citation

    SERVICE BY (check one):
    ☑ ATTORNEY PICK-UP                      ☐ CONSTABLE
    ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____       Phone: _____
    ☐ MAIL                                   ☐ CERTIFIED MAIL
    ☐ PUBLICATION:
        Type of Publication:   ☐ COURTHOUSE DOOR,  or
                               ☐ NEWSPAPER OF YOUR CHOICE: _____
    ☐ OTHER, explain _____

*************************************************************************************************

****

2.  NAME: _____

    ADDRESS: _____

    AGENT, (if applicable): _____

    TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

    SERVICE BY (check one):
    ☐ ATTORNEY PICK-UP                      ☐ CONSTABLE

    ☐ CIVIL PROCESS SERVER -  Authorized Person to Pick-up: _____       Phone: _____

    ☐ MAIL                                   ☐ CERTIFIED MAIL

    ☐ PUBLICATION:
        Type of Publication:   ☐ COURTHOUSE DOOR,  or
                               ☐ NEWSPAPER OF YOUR CHOICE: _____
    ☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME:  George R. Gibson                     TEXAS BAR NO./ID NO.   00793802

MAILING ADDRESS: 2800 Post Oak Boulevard, 61st Floor, Houston, Texas 77056

PHONE NUMBER:  713      892-4843          FAX NUMBER:  713      892-4800
               area code   phone number                area code   fax number

EMAIL ADDRESS: ggibson@nathansommers.com

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO
CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.
SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st. 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO: _____
                        (specify)

    MOTION TO: _____
                        (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

# TAB 5



# CHRIS·DANIEL
### HARRIS COUNTY DISTRICT CLERK



ENTERED _____
VERIFIED __AD__

### Civil Process Pick-Up Form

**CAUSE NUMBER:** ___2017   13436___

ATY __✓__          CIV _____   COURT __129__

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY REQUESTING: __George R. Gibson__    ATTY. PHONE #: __713 892 4843__

*CIVIL PROCESS SERVER (CIV): _____    BOX: _____

*CIV PHONE NUMBER: _____

*PERSON NOTIFIED SVC READY: _____ __Tisha__ _____

* NOTIFIED BY: **Nelson Cuero**

DATE: 2/27/17

---

Type of Service Document: __CITE__          Tracking Number __73345539__

Process papers prepared by: _Nelson Cuero_

Date: __Monday, February 27, 2017__          30 days waiting __03 - 27- 17__

*Process papers released to: __Glenn Hudson__
                                               (PRINT NAME)
__713-960-0303__     _Glen Hudson_
*(CONTACT NUMBER)          (SIGNATURE)

*Process papers released by: _____
                                               (PRINT NAME)
                              _____
                                               (SIGNATURE)

* Date: __2-28__ , 2017  Time: __10:00__ AM / PM

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

Revised 12-15-2014

# TAB 6

**IN THE 129TH JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS**

**CAUSE NO: 201713436**

**VACATIONS PUBLICATIONS INC.
VS
AXIS INSURANCE COMPANY**

## RETURN

**Came to my hand:**   3/1/2017   **, at**   02:15   **o'clock**   **P.M.**   **, the following
specified documents:**

- **Citation**
- **Plaintiff's Original Petition**

**and executed by me on:**   3/ 1 /2017   **, at**   3:38   **o'clock**   P.M.   **, at**

211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS,
**by delivering to** AXIS INSURANCE COMPANY, **by delivering to its registered
agent,** CORPORATION SERVICE COMPANY, **by delivering to employee/managing
agent,**   SUE VERTREES   **, in person, a true copy of the above
specified documents having first endorsed on such copy the date of delivery.**

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit,
and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person:  George  L  Castillo ;  SCH1448
Expiration Date:   2  /  3 /  /20 17
**ASSURED CIVIL PROCESS AGENCY
5926 Balcones Dr. Ste. 290, Austin, TX 78731**

**STATE OF TEXAS     }**

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person,
known to me to be the person whose name is subscribed to the foregoing document and, being by
me first duly sworn, declared that the statements and facts therein contained are within his/her
personal knowledge and experience to be true and correct. Given under my hand and seal of office
on this the  1 st  day of    MARCH    , 2017

DANA L. MCMICHAEL
Notary Public, State of Texas
Comm Expires 04-23-2020
Notary ID 4733678

**Notary Public**

# TAB 7

VACATIONS PUBLICATIONS INC vs. AXIS
INSURANCE COMPANY
Cause: 201713436      CDI: 7      Court: 129                    3/28/2017

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**SETTINGS**
No Settings found.

**NOTICES**
No Notices found.

**SUMMARY**

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| File Date | 2/27/2017 | Court | 129th |
| Case (Cause) Location | Civil Intake 1st Floor | Address | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686180 |
| Case (Cause) Status | Active - Civil | | |
| Case (Cause) Type | Debt/Contract - Debt/Contract | JudgeName | MICHAEL GOMEZ |
| Next/Last Setting Date | N/A | Court Type | Civil |
| Jury Fee Paid Date | N/A | | |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| VACATIONS PUBLICATIONS INC | PLAINTIFF - CIVIL | | GIBSON, GEORGE R. |
| AXIS INSURANCE COMPANY | DEFENDANT - CIVIL | | |
| AXIS INSURANCE COMPANY (AN ILLINOIS CORPORATION) BY SERVING THROUGH | REGISTERED AGENT | | |

211 EAST 7TH STREET SUITE 620, AUSTIN, TX 78701-3218

**INACTIVE PARTIES**
No inactive parties found.

**JUDGMENT/EVENTS**

| Date | Description | Order Signed | Post Jdgm | Pgs /Page | Volume | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----------|--------|-----------------|---------------|
| 2/27/2017 | ORIGINAL PETITION | | | 0 | | GIBSON, GEORGE R. | VACATIONS PUBLICATIONS INC |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | AXIS INSURANCE COMPANY (AN ILLINOIS CORPORATION) BY SERVING THROUGH | 2/27/2017 | 2/27/2017 | 3/1/2017 | | 3/7/2017 | 73345539 | ATTORNEY PICK-UP |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 74128495 | Citation Corporate | | 03/06/2017 | 2 |
| 74022551 | Plaintiff's Original Petition | | 02/27/2017 | 8 |
| -> 74022553 | Civil Case Information Sheet | | 02/27/2017 | 2 |
| -> 74022554 | Civil Process Request | | 02/27/2017 | 2 |
| 74078486 | Civil Process Pick-Up Form | | 02/27/2017 | 1 |